MICHAEL L. TRACY (SBN 237779)
MEGAN ROSS HUTCHINS (SBN 227776)
LAW OFFICES OF MICHAEL L. TRACY
2030 Main Street, Suite 1300
Irvine, CA  92614
mhutchins@michaeltracylaw.com
T: (949) 260-9171
F: (866) 365-3051

Attorneys for Plaintiff
PHILIP HERNANDEZ

TIMOTHY C. TRAVELSTEAD (SBN 215260)
JACKSON LEWIS LLP
199 Fremont Street
San Francisco, CA  94111
travelsteadt@jacksonlewis.com
T:  (415) 394-9400
F:  (415) 394-9401

Attorneys for Defendant TRINITY
TECHNOLOGY GROUP, INC., A VIRGINIA
CORPORATION; TRINITY TECHNOLOGY
GROUP, LLC, A VIRGINIA LIMITED
LIABILITY COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| PHILIP HERNANDEZ, an individual<br><br>Plaintiff,<br><br>vs.<br><br>TRINITY TECHNOLOGY GROUP, INC., A VIRGINIA CORPORATION; TRINITY TECHNOLOGY GROUP, LLC, A VIRGINIA LIMITED LIABILITY COMPANY;  and DOES 1 through 10, inclusive,<br><br>Defendants. | Case 3:09-cv-02412-EMC<br><br>**JOINT RULE 26(f) REPORT**<br><br>**TELEPHONIC HEARING REQUESTED**<br><br>Date:       September 23, 2009<br>Time:      1:30 p.m.<br>Location: Courtroom C, 15th Floor<br><br>Judge:     Hon. Edward M. Chen |

The parties, Plaintiff PHILIP HERNANDEZ, and Defendants TRINITY TECHNOLOGY GROUP, INC., A VIRGINIA CORPORATION; TRINITY TECHNOLOGY GROUP, LLC, A VIRGINIA LIMITED LIABILITY COMPANY, ("Defendants"), by and through their undersigned counsel, jointly submit this Joint Case Management Statement and Rule 26(f) Report in anticipation of the Case Management Conference pursuant to Fed. R. Civ. P. 16(b) and Civil L. R. 16-10, scheduled for September 23, 2009, at 1:30 p.m., in Courtroom C, 15th Floor, Federal Building, 450 Golden Gate Avenue, San Francisco, California.

///

///

I. **JURISDICTION AND SERVICE**

The court's jurisdiction is proper in this matter being that the action arises under the Fair Labor Standards Act, 29 U.S.C. §210.

All parties have been served.

II. **FACTS**

**1. Plaintiff's Description of the Case**

Plaintiff is an employee of Defendant who was not paid in accordance with the requirements of overtime law, and as a result is claiming damages as well as various penalties.

**2. Defendant's Description of the Case**

Plaintiff was properly paid his overtime, and is not entitled to the relief he seeks in this matter.

III. **LEGAL ISSUES**

1. Whether Plaintiff was not properly paid under the both California law and Fair Labor Standards Act, and therefore entitled to overtime pay, meal premiums, and liquidated damages.

IV. **MOTIONS**

A. **Prior or Pending Motions**

There are no prior or pending motions at this time.

B. **Plaintiff's Anticipated Motions**

Plaintiff anticipates bringing forth a motion for summary adjudication on Defendant's affirmative defenses.

C. **Defendant's Anticipated Motions**

Defendant anticipates bringing forth a motion for summary judgment.

V. **AMENDMENT OF PLEADINGS**

None contemplated.

VI. **EVIDENCE PRESERVATION**

The parties have preserved all relevant documents relating to Plaintiff's claims.

///

## VII. DISCLOSURE

The parties will exchange disclosures on September 28, 2009.

## VIII. DISCOVERY

The parties have not yet begun discovery in this matter. Both parties intend to depose each other, as well as serve interrogatories, document requests, and requests for admission.

**Discovery Plan Pursuant to Fed. R. Civ. P. 26 (f)**

1. **Rule 26(f)(1): What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement as to when disclosures under subdivision (a)(1) were made or will be made?**

Disclosures will be exchanged September 28, 2009. No changes to the standard requirements are necessary.

2. **Rule 26(f)(2): The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused upon particular issues.**

The parties see no reason for discovery to be limited to or focused on particular issues.

3. **Rule 26(f)(3): Any issues in relation to disclosure of discovery of electronically stored information, including the form or forms in which it should be produced.**

The parties do not anticipate any issues relating to disclosure or discovery of electronically stored information. They agree to address any such issues in the event they arise.

4. **Rule 26(f)(4): Any issues relating to claims of privilege or of protection as to trial-preparation material, including-if the parties agree on a procedure to assert such claims after production - whether to ask the court to include their agreement in the order.**

The parties do not anticipate any issue relating to claims of privilege or of Protective Order as to trial-preparation material. The parties will submit to a Stipulated Protective Order to protect confidential and proprietary information. They agree to address any issues relating to privilege or protection in the event they arise.

5. **Rule 26 (f)(5): What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or the Local Rules, and what other limitations should be imposed?**

The parties do not require any other changes to the limitations on discovery proposed by the Federal Rules or Local Rules at this time.

6. **Rule 26(f)(6): Any other orders that should be entered by the court under Rule 26(c) or under Rule 16 (b) and (c).**

The parties do not request any other orders to be entered by the court under Rule 26 (c) or Rule 16 (b) and (c).

## IX. CLASS ACTIONS

Not applicable.

## X. RELATED CASES

There are no related cases.

## XI. RELIEF

### A. Plaintiff's Position

Plaintiff prays for the following relief:

1. Damages for overtime not paid to Plaintiff HERNANDEZ in an amount in excess of $9,429 and subject to proof at trial.

2. For liquidated damages in the amount of $944 and subject to proof at trial.

3. For damages and penalties under Labor Code § 226 for Plaintiff HERNANDEZ in an amount subject to proof at trial.

4. For restitution and disgorgement for all unfair business practices against Plaintiff HERNANDEZ in an amount subject to proof at trial.

5. For prejudgment and post judgment interest.

6. Cost of suit.

7. Attorneys' fees.

8. For such other and further relief as the court may deem proper.

///

### B. Defendant's Position

Defendants contend that Plaintiff is not entitled to any relief.

## XII. SETTLEMENT AND ADR

The parties have engaged in settlement discussions, but have been unable to resolve the case to date. The parties agree to participate in Early Neutral Evaluation and/or mediation.

## XIII. CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

The parties have no objections to having the action be handled by the Magistrate Judge.

## XIV. OTHER REFERENCES

The parties are aware of no other references needed at this time.

## XV. NARROWING OF ISSUES

The parties find that there are no issues that can be narrowed at this time.

## XVI. EXPEDITED SCHEDULED

The parties do not believe that this is the type of case that can be handled on an expedited basis with streamlined procedures.

## XVII. SCHEDULING

The parties agree to the following proposed schedule:

（a）  Non-Expert Discovery to be completed by    January 15, 2009
（b）  Dispositive Motions to be heard by          March 12, 2010
（c）  Expert Discovery to be completed by        February 12, 2009
（d）  Pretrial conference to be conducted on     May 10, 2010
（e）  Trial Requested for                        June 15, 2010

## XVIII. TRIAL

Plaintiff and Defendant estimate a 3-4 day trial. Plaintiff requested a jury trial. Defendant has not requested a jury trial.

## XIX. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

### A. Plaintiff's Disclosure

Plaintiff has no disclosures of interested entities or persons.

///

B. **Defendant's Disclosure**

Defendant has no disclosures of interested entities or persons.

XX. **OTHER MATTERS**

The parties are not aware of any other matters at this time conducive to the just, speedy, and inexpensive resolution of this matter.

DATED: September 14, 2009               LAW OFFICES OF MICHAEL L. TRACY

                                        By:          /S/
                                        MEGAN ROSS HUTCHINS
                                        Attorneys for Plaintiff
                                        Philip Hernandez

DATED: September 14, 2009               JACKSON LEWIS LLP

                                        By
                                        TIMOTHY C. TRAVELSTEAD,
                                        Attorneys for Defendant TRINITY
                                        TECHNOLOGY GROUP, INC., A
                                        VIRGINIA CORPORATION; TRINITY
                                        TECHNOLOGY GROUP, LLC, A
                                        VIRGINIA LIMITED LIABILITY
                                        COMPANY

JOINT RULE 26(f) REPORT                                          Case 3:09-cv-02412-EMC